UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAKERY EQUIPMENT.COM, a
Washington corporation,

        Plaintiff,

  v.

COASTAL FOODS, INC., a Texas
corporation[1],

        Defendant.

CASE NO. C11-5615BHS

ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS OR TRANSFER
VENUE, PLAINTIFF'S
MOTION TO STRIKE, AND
PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME

    This matter comes before the Court on Defendant Coastal Foods, Inc.'s ("Coastal") motion to dismiss or transfer venue (Dkt. 9) and Plaintiff Bakery Equipment.com's ("Bakery") motion for an extension of time (Dkt. 12) and motion to strike (Dkt. 17). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## **I. PROCEDURAL HISTORY**

    On June 8, 2011, Bakery filed a complaint in Peirce County Superior Court for the State of Washington. Dkt. 2-1 at 2-17 ("Complaint"). Bakery asserts causes of action against Coastal for breach of contract, unjust enrichment, quantum meruit, and fraud. *Id*.

---

[1] Although the headings of the parties' briefs state that Coastal is a Washington corporation, Coastal is actually a Texas corporation.

ORDER - 1

On October 13, 2011, Coastal filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. Dkt. 9. On October 28, 2011, Bakery filed a motion for an extension of time to respond. Dkt. 12. On November 4, 2011, Bakery responded. Dkt. 17. On November 11, 2011, Coastal replied. Dkt. 18.

## II. FACTUAL BACKGROUND

Bakery advertised a previously owned oven for sale for $195,000. Complaint, ¶ 6. Coastal's president, William Evans, asserts that on March 15, 2011, he discussed the oven during a telephone conversation with Bakery's representative, Rick Evans. Dkt. 10, Declaration of William Evans ("Evans Dec."), ¶ 5. William Evans also asserts that Rick Evans would not release the location of the oven for Coastal's inspection unless William Evans returned a signed quote to Bakery. *Id.* William Evans claims that he did not have the opportunity to negotiate the quote. *Id.*

On March 16, 2011, William Evans signed a quote for the oven. *Id.*, Exh. 1. The quote states that a signature on the document "verifies that [the signer has] read, understand[s], and agree[s] to the BakeryEquipment.com Sales Agreement." *Id.* The document also provides that the signed quote "serves as your purchase order for the equipment listed above," which was the oven. *Id.* The Sales Agreement provides that the "agreement shall be interpreted in accordance with the laws of the State of Washington," and that "[a]ny legal action to enforce the terms of [the] agreement shall be brought in Pierce County Superior Court , Tacoma, Washington." *Id.*, Exh. 2.

Bakery then informed Coastal that the oven was located in New Jersey. Evans Dec., ¶ 6. Coastal sent employees to New Jersey to inspect the oven. *Id.*, ¶ 7. Upon arrival in New Jersey, the employee

> was told by Wasco Tech Company, Inc. ("Wasco") that (1) Bakery was not the Oven's owner; (2) Harvest Time Bread Company, and Wasco, both of which are New Jersey Companies (the "New Jersey Owners") did not authorize Bakery to market or sell the Oven; and (3) if CFI wanted to purchase the Oven, CFI would have to do so with the New Jersey Owners.

ORDER - 2

*Id.*, ¶ 8. Coastal subsequently negotiated the purchase of the oven with the New Jersey Owners. *Id*.

## III. DISCUSSION

### A. Motion for an Extension

Bakery moved the Court for a one-week extension of time to respond to Coastal's motion. Dkt. 12. Coastal did not respond, but must have agreed to an extension because Bakery's response was late and Coastal did not object. Therefore, the Court denies Bakery's motion as moot.

### B. Motion to Strike

Bakery moves the Court to strike certain portions of the Evans declaration because the evidence lacks foundation, is hearsay, or is irrelevant. Dkt. 17 at 4. When a district court declines to hold an evidentiary hearing on a motion to dismiss, "the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). "'[U]ncontroverted allegations in plaintiff's complaint must be taken as true,'" *id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)) (alteration omitted), and, in deciding whether a prima facie showing has been made, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach*, 453 F.3d at 1154.

With these rules in mind, the Court finds that there is no need to strike the questioned material. Therefore, the Court denies Bakery's motion.

### C. Jurisdiction

The Complaint alleges that Pierce County, Washington is the proper venue because

ORDER - 3

> (a) the contract at issue was formed in Washington (b) the contract was breached in Washington (c) the defendant's wrongful and tortuous conduct caused damage to plaintiff in Washington and (d) the contract provides that any legal action shall be flied in Pierce County Superior Court.

Complaint, ¶ 5. The first issue before the Court is whether the forum selection clause should be enforced.

Forum selection clauses are presumptively valid and any party challenging such a clause bears a "heavy burden to show that it should be set aside." *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 15, 17 (1972). There are

> three reasons that would make enforcement of a forum selection clause unreasonable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (internal quotations omitted).

In this case, Coastal argues that enforcing the forum selection clause "would be unreasonable and unjust." Dkt. 9 at 3. Coastal contends that all of Bakery's claims are based on Coastal's purchase of the oven, which "has no relation whatsoever to Washington." *Id*. at 4. Coastal's contentions are misplaced. Bakery's first claim is based on an allegedly valid contract between the parties, Bakery's performance, and Coastal's failure to perform. While Coastal's contract with the New Jersey owners and subsequent purchase of the oven may have nothing to do with Washington, its agreement with Bakery, alleged non-performance, and consent to suit in Washington are entirely different matters. Therefore, the Court denies Coastal's motion to set aside the forum selection clause because Coastal has failed to meet its "heavy" burden.

**D.     Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

ORDER - 4

been brought." 28 U.S.C. § 1404(a). "Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

In this case, Coastal argues that the Court should transfer venue to the Southern District of Texas because (1) that is where Coastal maintains its principal office and (2) that is where a substantial part of the alleged events occurred. Dkt. 9 at 9. While the former may be true, Coastal has failed to persuade the Court that the latter assertion is true. The alleged events are that the parties entered into a contract and Coastal failed to perform. There simply is no showing at this time that a substantial portion of these events occurred in Texas. Moreover, the parties agreed that Washington law would govern any dispute and this Court is more familiar with Washington law. Therefore, the Court denies Coastal's motion to transfer venue without prejudice.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Coastal's motion to dismiss or transfer venue (Dkt. 9) and Bakery's motion for an extension of time (Dkt. 12) and motion to strike (Dkt. 17) are **DENIED**.

DATED this 20th day of December, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge