1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAKERYEQUIPMENT.COM, a
Washington corporation

              Plaintiff,

    v.

COASTAL FOOD, INC., a Washington
corporation,

              Defendant.

CASE NO. C11-5615BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
STRIKE AND DENYING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

15

16

17

18

19

20

21

     This matter comes before the Court on Defendant Coastal Food, Inc.'s ("Coastal")
motion for summary judgment (Dkt. 23) and motion to strike response brief or, in the
alternative, for leave to file a late reply (Dkt. 28). The Court has reviewed the briefs filed
in support of and in opposition to the motions and the remainder of the file and hereby
grants in part and denies in part the motion to strike and denies the motion for summary
judgment for the reasons stated herein.

22

23

24

25

26

## I. PROCEDURAL HISTORY

     On June 8, 2011, BakeryEquiptment.com ("Bakery") filed a complaint in Peirce
County Superior Court for the State of Washington.  Dkt. 2-1 at 2-17 ("Complaint").
Bakery asserts causes of action against Coastal for breach of contract, unjust enrichment,
quantum meruit, and fraud. *Id.*

27

28

ORDER - 1

1

2

3

On February 2, 2012, Coastal filed a motion for summary judgment.  Dkt. 23.  On February 23, 2012, Bakery responded.  Dkt. 26.  On February 24, 2012, Coastal filed a motion to strike the response.  Dkt. 28.  On February 27, 2012, Coastal replied.  Dkt. 30.

4

## II.  FACTUAL BACKGROUND

5

6

7

8

9

10

11

12

Bakery advertised a previously owned oven for sale for $195,000.  Complaint, ¶ 6.  Coastal's president, William Evans, asserts that on March 15, 2011, he discussed the oven during a telephone conversation with Bakery's representative, Rick Evans.  Dkt. 10, Declaration of William Evans ("Evans Dec."), ¶ 5.  William Evans also asserts that Rick Evans would not release the location of the oven for Coastal's inspection unless William Evans returned a signed quote to Bakery.  *Id.*  William Evans claims that he did not have the opportunity to negotiate the quote.  *Id.*

13

14

15

16

17

18

19

20

On March 16, 2011, William Evans signed a quote for the oven.  *Id.*, Exh. 1.  The quote states that a signature on the document "verifies that [the signer has] read, understand[s], and agree[s] to the BakeryEquipment.com Sales Agreement."  *Id.*  The document also provides that the signed quote "serves as your purchase order for the equipment listed above," which was the oven.  *Id.*  The Sales Agreement provides that the "agreement shall be interpreted in accordance with the laws of the State of Washington," and that "[a]ny legal action to enforce the terms of [the] agreement shall be brought in Pierce County Superior Court , Tacoma, Washington."  *Id.*, Exh. 2.

21

22

23

Bakery then informed Coastal that the oven was located in New Jersey.  Evans Dec., ¶ 6.  Coastal sent employees to New Jersey to inspect the oven.  *Id.*, ¶ 7.  Upon arrival in New Jersey, the employee

24

25

26

27

> was told by Wasco Tech Company, Inc. ("Wasco") that (1) Bakery was not the Oven's owner; (2) Harvest Time Bread Company, and Wasco, both of which are New Jersey Companies (the "New Jersey Owners") did not authorize Bakery to market or sell the Oven; and (3) if CFI wanted to purchase the Oven, CFI would have to do so with the New Jersey Owners.

28

ORDER - 2

1  *Id.*, ¶ 8.  Coastal subsequently negotiated the purchase of the oven with the New Jersey

2  Owners.  *Id.*

3  ### III.  DISCUSSION

4  **A.    Motion to Strike**

5       It is undisputed that Bakery's response was due on February 20, 2012 and was

6  filed three days late on February 23, 2012.  Coastal moves to either strike the response or

7  allow additional time to file a reply brief.  Dkt. 28.  On February 27, 2012, Coastal filed a

8  reply brief.  Dkt. 30.  The Court finds that Coastal was not prejudiced by the late filing

9  because it was able to submit a reply brief for consideration.  Therefore, the Court denies

10  the motion to strike and grants the motion for leave to file a late reply, and the Court will

11  consider both Bakery's response and Coastal's reply.

12  **B.    Summary Judgment**

13       Coastal moves for summary judgment on the issues of (1) whether Bakery has any

14  evidence that it was able to perform its obligations under the contract and (2) whether

15  Bakery made material misrepresentations that void the contract.  Dkt. 23.

16  **1.    Standard**

17       Summary judgment is proper only if the pleadings, the discovery and disclosure

18  materials on file, and any affidavits show that there is no genuine issue as to any material

19  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

20  The moving party is entitled to judgment as a matter of law when the nonmoving party

21  fails to make a sufficient showing on an essential element of a claim in the case on which

22  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

23  (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

24  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

25  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

26  present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## 2.    Damages

A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.  *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995).  The plaintiff must prove that the amount of damages claimed is necessary to place the plaintiff in the position it would have occupied had the duty been fulfilled.  *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wn. App. 743, 757 n. 3 (2007).  Damages must be proved with reasonable certainty or supported by competent evidence in the record.  *Hyde v. Wellpinit Sch. Dist. No. 49*, 32 Wn. App. 465, 470 (1982).  Evidence of damage is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to

ORDER - 4

1   mere speculation or conjecture.  *Interlake Porsche & Audi, Inc. v. Bucholz*, 45 Wn. App.

2   502, 510 (1986).  When the breach involves the deprivation of a chance to earn a

3   commission, the plaintiff "can recover the estimated value of his conditional right to a

4   commission at the time of the breach. The amount of recovery will be measured

5   according to the likelihood of the transaction ever being consummated and closed."

6   *Harding v. Rock,* 60 Wn.2d 292, 303 (1962); *see also* 24 *Williston on Contracts* §

7   64:10 (4th ed.) ("Where a breach of contract involves deprivation of a chance that has

8   value in a business sense, an understandable and just reluctance will be felt by most

9   courts to deny altogether the recovery of substantial damages.").

10          In this case, Coastal argues that Bakery "has no evidence that the [Coastal's]

11  alleged breach caused [Bakery] to suffer damages" because Bakery "has no evidence that

12  it owned, had the right to purchase for resale, or was authorized to sell, the Oven."  Dkt.

13  23 at 5.  Bakery, however, has submitted evidence that it had an opportunity to purchase

14  the oven for $125,000. Dkt. 25, Declaration of Rick Evans, ¶ 3.  Under Washington law,

15  Bakery has the opportunity to show the likelihood of this purchase being consummated

16  and closed, and that these alleged damages will not subject the trier of fact to speculation

17  or conjecture.  Therefore, the Court denies Coastal's motion for summary  judgment on

18

19  the issue of damages.

20          **3.      Misrepresentation**

21          "A fraudulent misrepresentation or, under the right circumstances, even a material

22  innocent misrepresentation can render a contract voidable."  *Yakima County (W.Valley )*

23  *Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 390 (1993); *see also*

24  *Restatement (Second) of Contracts* § 164(1) (1981) ("If a party's manifestation of assent

25  is induced by either a fraudulent or a material misrepresentation by the other party upon

26  which the recipient is justified in relying, the contract is voidable by the recipient."). "A

27  misrepresentation is 'an assertion that is not in accord with the facts.'" *Yakima County*,

28

ORDER - 5

1  122 Wn.2d at 390 (quoting *Restatement*, *supra*, § 159).  The party seeking to have the

2  contract voided bears the burden of proving any misrepresentation.  *Id*. at 391.

3     In this case, Coastal has failed to meet its burden.  Bakery agreed to sell Coastal an

4  oven for $195,000.  The fact that Bakery did not possess an oven at the time the signed

5  quote was delivered to Bakery is not a misrepresentation that Bakery could have

6  delivered an oven to Coastal for $195,000.  Therefore, the Court denies Coastal's motion.

7                                          **IV.  ORDER**

8     Therefore, it is hereby **ORDERED** that Coastal's motion for summary judgment

9  (Dkt. 23) is **DENIED** and the motion to strike response brief or, in the alternative, for

10 leave to file late reply brief (Dkt. 28) is **GRANTED in part and DENIED in part** as

11 stated herein.

12    DATED this 15th day of March, 2012.

13

14

15    _____

      BENJAMIN H. SETTLE
16    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 6